NOT FOR PUBLICATION

## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### CAMDEN VICINAGE

```
_____
                              :
JAMES HARRIS,                 :
                              :   Civil Action No. 14-6590 (RMB)
            Petitioner,       :
                              :
      v.                      :
                              :
UNITED STATES OF AMERICA,     :
                              :
            Respondent.       :
_____:_____
                              :
JAMES HARRIS,                 :
                              :   Civil Action No. 14-7305 (RMB)
            Petitioner,       :
                              :
      v.                      :
                              :
UNITED STATES OF AMERICA,     :
                              :   MEMORANDUM OPINION AND ORDER
            Respondent.       :      APPLIES TO BOTH ACTIONS
_____:_____
```

**BUMB**, District Judge:

These two matters are before the Court upon Petitioner's filing of his § 2255 motion in Harris v. United States ("Harris-II"), Civil Action No. 14-7305.  See Harris-II, Docket Entry No. 1.  The pleading that gave rise to Harris-II was executed on November 19, 2014.  See id. at 12.  However, Petitioner had already commenced another Section 2255 matter.  See Harris v. United States ("Harris-I"), Civil Action No. 14-6590, Docket Entry No. 1.  There, he filed a letter, dated October 16, 2014, stating that his mother was "attempting to obtain a 2255 motion

form" and asking this Court to "allow [his] letter . . . to stop
any time limitations that may bar [Petitioner] from filing any
2255 petition." Id. (capitalization removed). Petitioner
claimed "excusable neglect" which, in turn, he based on an
unspecified "Government interference." Id. (capitalization
removed).

This Court examined Petitioner's underlying criminal matter,
as well as his appellate record, and determined that Petitioner's
one-year period was still running and would not expire until
March 3, 2015. See Harris-I, Docket Entry No. 3. In addition,
this Court explained to Petitioner that his claim of "Government
interference" was insufficient to extend Petitioner's period of
limitations, and Petitioner's allegations of "excusable neglect"
were not cognizable in federal habeas review. See id. Finally,
this Court pointed out that it had subject matter jurisdiction
only over Petitioner's § 2255 challenges, not over his letter
promising to state such challenges. See id. With that, the
Court directed the Clerk to serve Petitioner with the District's
current § 2255 form. See id. The Court's order to that effect
was entered on November 21, 2014, and the Clerk duly served that
order and the District's current § 2255 form upon Petitioner.
See id., Docket Entries Nos. 4 and 5.

However, two days prior to the entry of the aforesaid order
and the Clerk's service of the District's current § 2255 form

upon Petitioner, Petitioner obtained an outdated § 2255 motion form and utilized it to submit his § 2255 motion in Harris-II challenging his criminal conviction and sentence.[1]  See Harris-II, Docket Entry No. 2.  That outdated motion form arrived on November 24, 2014, i.e., already after the Clerk's mailing of this Court's Order in Harris-I, and raised four grounds, namely:

> GROUND ONE: HOBBS ACT STATUTE DOES NOT REACH NON-ECONOMIC NON-COMMERCIAL CONDUCT UNDER COMMERCE CLAUSE THAT TS PT}R1LV INTRASTATE.  THE TRIAL COURT ERRED BY ALLOWING FICTITIOUS STASH HOUSE DRUG STINGS TO BE CLASSIFIED AS 18 U.S.C. 1951(a) HOBBS ACT ROBBERY AFFECTING INTERSTATE OR INTRASTATE COMMERCE.
>
> GROUND TWO: GOVERNMENT'S INTERPRETATION AND APPLICATION OF HOBBS ACT UNDER 18 U.S.C. 1951(a) IS INVALID DUE TO BROAD EXPANSION OF STATUTE.  THE BROAD EXPANSION OF THE STATUTE 18 U.S.C. 1951(a) HOBBS ACT TO CHARGE A ROBBERY OF FICTITIOUS DRUG STASH HOUSE AND DRUG DEALER'S EXCEED

---

[1]

In January 2012, a grand jury returned a superseding indictment charging [Petitioner] (also known as "Gunplay" and "Smalls") and three others 1 with conspiracy to commit Hobbs Act robbery in violation of 18 U.S.C. § 1951(a) and conspiracy to distribute and possess with intent to distribute five kilograms or more of cocaine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846.  The charges arose from [Petitioner's] involvement in a plan to rob a cocaine stash house, which — unbeknownst to Harris and his co-conspirators — was devised by special agents of the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF").  . . .  Following a six-day jury trial, [Petitioner] was convicted of both conspiracy counts. . . .  [This C]ourt imposed a within-Guidelines sentence of 211 months of imprisonment on each  count, to be served concurrently, plus a five-year term of supervised release and a $200 special assessment.

United States v. Harris, 548 F. App'x 807, 808-11 (3d Cir. N.J. 2013).

3

THE CONSTITUTIONAL LIMITS EXPRESSED BY CONGRESS UPON
THE STATUTES ENACTMENT.   THE COURT AND GOVERNMENT
THEREFORE LACK ANY JURISDICTION OVER STATE ROBBERY
CONDUCT.

GROUND THREE: COUNSEL WAS INEFFECTIVE WHEN FAILING TO
ARGUE THAT THAT [sic] DRUG STASH HOUSE STINGS WERE
SELECTIVE PROSECUTION AND ENFORCEME[NT.]   PETITIONER
SUBMITS THAT FICTITIOUS DRUG STASH HOUSE STINGS WERE
DONE IN A RACIALLY DISCRIMINATORY MANNER AND THAT SUCH
LEGAL FACT WAS KNOWN TO COUNSEL AT THE TIME BECAUSE
NUMEROUS CASE'S WERE FILED IN FEDERAL DISTRICT COURTS
THROUGHOUT THE UNITED STATES WITH DOCUMENTATION SHOWING
THAT MINORITIES WERE BEING RACIALLY TARGETED.

GROUND FOUR: TRIAL COURT NEVER ESTABLISHED JURISDICTION
TO TRY PETITIONER UNDER 18 U.S.C. 1951(a) HOBBS ACT DUE
TO PETITIONER'S CONDUCT NOT 'AFFECTING INTERSTATE
COMMERCE.' THE TRIAL COURT ERRED BY FAILING TO
ESTABLISH WHETHER IT HAD JURISDICTION OVER STATE
ROBBERY CONSPIRACY WHOSE FACTUAL CONDUCT AND LEGAL
ELEMENTS DID NOT ESTABLISH THAT SUCH ACTIONS VIOLATED
ANY FEDERAL OFFENSE LISTED IN THE UNITED STATES CODE,
DUE TO THE FAILURE OF THE ACTIONS OR INACTIONS OF THE
PETITIONER TO "AFFECT AN INTERSTATE COMMERCE" WHICH IS
THE 'JURISDICTIONAL ELEMENT.'

Harris-II, Docket Entry No. 1, at 4-8.

Thus, Petitioner's Grounds One and Four are substantively

indistinguishable paraphrasings on the very same claim (i.e.,

that this Court was without federal jurisdiction to preside over

his prosecution because underlying conspiracies occurred in New

Jersey), his Ground Two asserts that he should not have been

convicted because the cocaine stash house was set up by ATF

special agents, and his Ground Three maintains that his counsel

had to be ineffective because counsel elected not to claim that

Petitioner had to be racially targeted in light of the number of

federal criminal proceedings conducted nation-wide against the
offenders who are not Caucasian.  See id.

Petitioner's challenges are unaccompanied by his averment
that he was aware of his § 2255 rights.  Since the current § 2255
form was already mailed to Petitioner but was not utilized, and
since he already stated his challenges utilizing the outdated
form, the Court takes this opportunity to inform Petitioner that
all § 2255 movants must file "a single petition raising *all*
claims for relief," United States v. Miller, 197 F.3d 644, 649
(3d Cir. 1999) (emphasis supplied), and – unless Petitioner
marshals all his claims in a single filing – he would lose his
ability to file a second or successive petition absent
certification by the Court of Appeals.  See id. at 646.
Correspondingly, Petitioner will be allowed to litigate his
Harris-I matter upon filing a written statement either verifying
that Petitioner's submission made in Harris-II contains *all* his §
2255 claims (or stating all his additional § 2255 claims that he
wishes to raise, together with the factual predicate in support
of each such additional claim).

IT IS, therefore, on this **11th** day of **December 2014**,

**ORDERED** that the Clerk shall administratively terminate
Harris v. United States, Civil Action No. 14-7305, as duplicative
of Harris v. United States, Civil Action No. 14-6590, by making a
new and separate entry on the docket of Harris v. United States,

5

Civil Action No. 14-7305, reading, "CIVIL CASE TERMINATED.   NO
FURTHER FILINGS SHALL BE MADE IN THIS MATTER"; and it is further

    **ORDERED** that the Clerk shall docket Petitioner's motion
(docketed in <u>Harris v. United States</u>, Civil Action No. 14-7305,
as Docket Entry No. 1) in <u>Harris v. United States</u>, Civil Action
No. 14-6590, accompanying such docket entry with the docket text
reading, "PETITIONER's SECTION 2255 MOTION LACKING <u>MILLER</u>
AFFIRMANCE"; and it is further

    **ORDERED** that, within thirty days from the date of entry of
this Memorandum Opinion and Order, Petitioner shall file in his
<u>Harris v. United States</u>, Civil Action No. 14-6590, matter a
written statement either (a) verifying that the four grounds he
raised in his submission made in <u>Harris v. United States</u>, Civil
Action No. 14-7305, present all Petitioner's Section 2255
challenges that he wishes to raise or (b) detailing all his
additional § 2255 claims that he wishes to raise, together with
the factual predicate in support of each such additional claim;
and it is further

    **ORDERED** that, if no such written statement is received by
the Clerk in accordance with the terms of this Memorandum Opinion
and Order, Petitioner's submission made in <u>Harris v. United
States</u>, Civil Action No. 14-7305, would be deemed his all-
inclusive Section 2255 motion without further notice to
Petitioner; and it is finally

**ORDERED** that the Clerk shall serve this Memorandum Opinion and Order upon Petitioner by certified mail, return receipt requested.

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**